UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

CITIZENS INSURANCE COMPANY
OF THE MIDWEST,

    Plaintiff,

Case No.
Hon.

vs.

MIKAYLA OSBURN,

    Defendant.

_____

Erik Duenas (P57434)
Conlin, McKenney & Philbrick, P.C.
Attorneys for Plaintiff
350 South Main Street, Suite 400
Ann Arbor, MI 48104
(734) 761-9000
duenas@cmplaw.com

_____

## COMPLAINT FOR DECLARATORY JUDGMENT

*There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in the Complaint, pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties arising out of the same transaction or occurrence as alleged in this Complaint that is either pending, or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.*

                                              */s/ Erik Duenas*

Plaintiff, Citizens Insurance Company of the Midwest ("CICM"), by its attorneys, Conlin, McKenney & Philbrick, P.C., and, for its Complaint for Declaratory Judgment, states as follows:

1. CICM is a licensed Michigan no fault insurance carrier that conducts regular business in Wayne County, Michigan.

2. Defendant Mikayla Osburn ("Defendant") is an individual that resides in the City of Mount Morris, Genesee County, Michigan.

3. Defendant Osburn claims that she was involved in motor vehicle accidents on September 14, 2022, at or near the intersection of Washington Avenue and Hess Avenue in Saginaw, Michigan while occupying a 2012 Chevrolet Malibu, and on or about June 30, 2023, at or near the intersection of Dixie Hwy and King Road in Saginaw, Michigan while occupying a 2014 Chevrolet Equinox (the "Accidents").

4. Defendant could not identify a policy of no-fault insurance that would provide no fault benefits to her regarding the Accidents, and accordingly submitted Applications for Benefits ("Applications") with the Michigan Automobile Insurance Placement Facility ("MAIPF") pursuant to the Michigan Assigned Claims Plan ("MACP").

5. The MAIPF subsequently assigned Defendant's claims for no-fault benefits regarding the Accidents to CICM for handling.

6. During the investigation of the claims, CICM confirmed that Defendant Osburn failed to disclose her prior motor vehicle accidents.

7. During the investigation of the claims, CICM confirmed that Defendant Osburn failed to disclose her prior similar medical conditions.

8. Defendant Osburn presented claims for No-Fault Benefits to CICM regarding the Accidents that occurred while she was in the 2012 Chevrolet Malibu and 2014 Chevrolet Equinox that she did not own and which was uninsured.

9. In the Applications for Benefits and during the claims, Defendant Osburn misrepresented that she had no history of neck and back pain and prior medications.

10. CICM has received bills and demands for payments from providers that have allegedly provided services or treatments to Defendant. It is unknown if this alleged treatment is related to the Accidents or a subsequent accident or occurrence.

11. During the investigation of the claims, Defendant Osburn admitted that she failed to disclose her prior automobile accidents and her history of neck and back pain.

12. This matter involves a claim for declaratory relief and subject matter jurisdiction over the claims is accordingly properly vested in this Court.

13. Venue is proper in this Court.

14. Michigan's No-Fault Act provides for the payment of medical and rehabilitative benefits on a first-party basis for injured victims of motor vehicle accidents.

15. The MAIPF/MACP was created by statute to provide no-fault benefits to individuals injured in auto accidents who have no auto insurance. Operation of the MAIPF/MACP is paid by assessments to all other no-fault insurers and self-insurers.

16. There is no coverage under the MACP or the Michigan No-Fault Act for an individual who presents or causes to be presented false information in support of the claim.

## **COUNT I – DECLARATORY RELIEF**
**(Claim Ineligible For Payment or Benefits Because Defendant Presented and Caused to be Presented False Information in Support of the Claim)**

17. Plaintiff incorporates all preceding paragraphs of the Complaint as fully restated.

18. MCL 500.3173a(4) provides:

> (4) A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the Michigan automobile insurance placement facility for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under section 4503 that is subject to the penalties imposed under section 4511. A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment or benefits under the

4

assigned claims plan.

19. In the Applications for Benefits and during the claims, Defendant Osburn misrepresented her involvement in prior automobile accidents and her history of prior similar medical conditions.

20. Defendant Osburn intentionally provided false information to CICM that she had no prior similar medical conditions.

21. Defendant Osburn intentionally misrepresented her prior medical conditions to deceive CICM and the MAIPF and to falsely obtain benefits under the Michigan No-Fault Act.

22. Defendant Osburn has presented false information in support of the claim to CICM and the MAIPF and is barred for any payments or benefits in her claim pursuant to MCL 500.3173a(4).

23. There is an actual case and controversy in this case because Defendant Osburn and her providers have submitted claims for payment to CICM and the MAIPF but Defendant Osburn, and all her medical providers, are barred from receiving any payment or benefits under the Michigan No-Fault Act pursuant to MCL 500.3173a(4).

24. As such, Defendant (and any and all providers claiming by or through her) have no standing to submit, pursue, or receive no-fault benefits from CICM.

25. CICM also requests attorney fees pursuant to MCL 500.3148(2) regarding its defense of Defendant's claims for no-fault benefits.

WHEREFORE, CICM respectfully requests that this Court enter a Declaratory Judgment determining that Defendant Osburn is not entitled to any No-Fault benefits from CICM pursuant to MCL 500.3113(b), MCL 500.3173, and MCL 500.3173(4) as requested, along with costs, attorneys' fees and interest, and such other and further relief as is just and appropriate.

        Respectfully submitted,

        CONLIN, McKENNEY & PHILBRICK, P.C.
        Attorneys for Plaintiff CICM

        By:   /s/ Erik Duenas
               Erik Duenas (P57434)
               350 South Main Street, Suite 400
               Ann Arbor, MI 48104-2131
               (734) 761-9000
               Duenas@cmplaw.com

Dated: February 15, 2024