UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS INSURANCE COMPANY
OF THE MIDWEST,

          Hon. Jane M. Beckering

    Plaintiff,          Case No. 1:24-cv-00149

vs.

MIKAYLA OSBURN,

    Defendant.

_____

Erik Duenas (P57434)
Conlin, McKenney & Philbrick, P.C.
Attorneys for Plaintiff
350 South Main Street, Suite 400
Ann Arbor, MI 48104
(734) 761-9000
duenas@cmplaw.com
_____

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff, Citizens Insurance Company of the Midwest ("Plaintiff"), by and through its counsel, Conlin, McKenney & Philbrick, P.C., hereby files this Motion for Default Judgment against Defendant Mikayla Osburn and pursuant to Fed. R. Civ. P. 55(b)(2) and MCR 2.603 states as follows:

1.    This is a No-Fault PIP case related to alleged injuries Mikayla Osburn ("Defendant") sustained in a motor vehicle accidents on September 14, 2022 and

June 30, 2023.

2. Plaintiff claims that Defendant committed fraudulent misrepresentations and made fraudulent statements in her Application for Benefits as well as in her No-Fault PIP claims.

3. On February 15, 2024, Plaintiff filed its Complaint in this action.

4. Plaintiff mailed a copy of the Summons and Complaint via certified mail to Defendant on February 26, 2024 and personally served upon Defendant on February 29, 2024.

5. Defendant has failed to plead or otherwise defend herself against Plaintiff's Complaint.

6. Upon information and belief, Defendant is not a minor or an otherwise incompetent person.

7. Plaintiff filed a request for Entry of Default against Defendant on March 25, 2024 and the Clerk granted this request and entered a default on March 26, 2024.

8. Plaintiff mailed a copy of the Entry of Default via certified mail to Defendant on April 1, 2024, and the documents were refused.

9. More than 28 days have passed and a Default Judgment is appropriate under Fed. R. Civ. Pro. 55(b)(2).

10. This Motion is based on the allegations in Plaintiff's Complaint and

Defendant has admitted to all of the facts alleged therein by failing to plead or otherwise respond to the Complaint.

11. This Motion is further based on Plaintiff's Brief in Support of Motion for Default Judgment and the record of proceedings and papers on file herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter (i) a Default Judgment against Defendant, (ii) a declaratory judgment establishing that Defendant and all of her providers are not entitled to No-Fault PIP benefits pursuant to MCL 500.3173a(4), and (iii) any other such relief this Court deems just and proper.

        Respectfully submitted,

        CONLIN, McKENNEY & PHILBRICK, P.C.
        Attorneys for Plaintiff CICM

        By:   /s/ Erik Duenas
               Erik Duenas (P57434)
               350 South Main Street, Suite 400
               Ann Arbor, MI 48104-2131
               (734) 761-9000
               Duenas@cmplaw.com

Dated:  May 10, 2024

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
## FOR DEFAULT JUDGMENT

Plaintiff, Citizens Insurance Company of the Midwest ("Plaintiff"), by and through its counsel, Conlin, McKenney & Philbrick, P.C., hereby files this Brief in Support of Plaintiff's Motion for Default Judgment against Defendant Mikayla Osburn and pursuant to Fed. R. Civ. P. 55(b)(2) and MCR 2.603 states:

### I.    INTRODUCTION

Plaintiff seeks entry of default judgment against Defendant Mikayla Osburn for failure to plead or otherwise defend against Plaintiff's Complaint. By reason of default, Defendant is taken to have conceded the truth of the factual allegations in the Complaint. As such, Plaintiff seeks entry of default judgment by the Court awarding a declaratory judgment barring Defendant from recovering PIP benefits.

### II.    FACTUAL SUMMARY

This is a No-Fault PIP case for benefits allegedly related to injuries Mikayla Osburn ("Defendant") sustained in a motor vehicle accident on September 14, 2022. Defendant could not identify a policy of no-fault insurance that would provide no fault benefits to her regarding the Accidents, and accordingly submitted Applications for Benefits ("Applications") with the Michigan Automobile Insurance Placement Facility ("MAIPF") pursuant to the Michigan Assigned Claims Plan ("MACP"). The MAIPF subsequently assigned Defendant's claims for no-fault benefits regarding the Accidents to Plaintiff for handling.

4

In the Application for Benefits and during the claims, Defendant misrepresented that she had no history of neck and back pain and prior medications. During the investigation of the claims, however, Plaintiff confirmed, by Defendant's own admissions, that Defendant failed to disclose both her prior motor vehicle accidents and her prior similar medical conditions.

Defendant intentionally misrepresented her involvement in prior motor vehicle accidents and her history of prior similar medical conditions. Defendant's presentation of false information in support of the claim to Plaintiff and the MAIPF bars her from payment or benefits pursuant to MCL 500.3173a(4).

### III.  DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST OSBURN

#### A.  Entry of Default Judgment is Factually and Legally Appropriate

Despite an existing policy preference to decide cases on their merits when reasonably possible, default judgment is appropriate when, as here, a defendant prevents a merits-based resolution by failing to participate in an action. *See State Farm Bank, F.S.B. v. Sloan*, No. 11-cv-10385, 2011 U.S. Dist. LEXIS 57652, at *7 (E.D. Mich. May 31, 2011) ("[W]hile true that public policy favors resolution of cases on the merits, [the defendant] has prevented a merits-based resolution by not appearing"); *Tomlinson v. E. Recovery & Remediation Grp., LLC*, No. 15-13606, 2019 U.S. Dist. LEXIS 51049, *14 (E.D. Mich Mar. 27, 2019) (citing *State Farm* and reaching same conclusion).

By defaulting, Defendant has admitted to all facts alleged by Plaintiff by failing to plead or otherwise respond to Plaintiff's Complaint. See *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002) (holding that a defaulting party has conceded the truth of the factual allegations in a complaint as establishing the grounds for liability pursuant to damages will be calculated.) ; *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (noting that upon default, the well-plead allegations of a complaint relating to liability are taken as true). Here, Defendant has failed to appear, file an answer, and defend herself against Plaintiff's Complaint, therefore, entry of default judgment is appropriate because Defendant's liability is well-plead in the Complaint and Defendant has failed to participate in the litigation.

Additionally, Federal Rule of Civil Procedure 55(b)(2) provides that a court may enter default judgment after a default has been entered against a party under Rule 55(a) based on that party's failure to plead or otherwise defend. *Stewart Title Guar. Co. v. Lockman*, No. 5:05-cv-92, 2008 U.S. Dist. LEXIS 23440, at *20-21 (W.D. Mich. March 25, 2008). The trial court has the discretion to determine whether to enter a default judgment. *Allied Enters. V. Brillcast, Inc.*, No. 1:15-cv-749, 2015 U.S. Dist. LEXIS 192897, at *4 (W.D. Mich. Nov. 17, 2015).

    **B.**    **Plaintiff's Allegations are Sufficient to Support a Claim for Declaratory Judgment and Violations of the Michigan No-Fault Act.**

Under Michigan law, "[a] claim that contains or is supported by a fraudulent insurance act as described in [MCL 500.3173a(4)] is ineligible for payment or benefits under the assigned claims plan." In this matter, Defendant and her providers are ineligible because she presented false information to Plaintiff in her claim for payment and benefits. Defendant intentionally misrepresented her prior medical conditions and involvement in prior motor vehicle accidents to falsely obtain benefits under the Michigan No-Fault Act.

The Complaint and this Motion support Plaintiff's claim that Defendant is barred from receiving payment or benefits for presenting false information in support of a claim to the MAIPF and the Court should enter a default judgment granting declaratory relief.

### IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter (i) a Default Judgment against Defendant, (ii) a declaratory judgment establishing that Defendant and all of her providers are not entitled to No-Fault PIP benefits pursuant to MCL 500.3173a(4), and (iii) any other such relief this Court deems just and proper.

Respectfully submitted,

                        CONLIN, McKENNEY & PHILBRICK, P.C.
                        Attorneys for Plaintiff CICM

                      By:  /s/ Erik Duenas
                              Erik Duenas (P57434)
                              350 South Main Street, Suite 400
                              Ann Arbor, MI 48104-2131
                              (734) 761-9000
                              Duenas@cmplaw.com

Dated:  May 10, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2024, I electronically filed the foregoing document with the Clerk of the Court and all parties using the CM/ECF system.

I further certify that on May 10, 2024, I served true and accurate copies of the foregoing papers, upon Mikayla Osburn, at 461 New Yorker, Mt. Morris, MI 48458, regular first-class U.S. mail and certified mailed by enclosing the documents in a properly addressed envelope with sufficient postage prepaid thereon and depositing same in the U.S. Mail at Ann Arbor, Michigan.

                                            CONLIN, McKENNEY & PHILBRICK, P.C.
                                            Attorneys for Plaintiff

                                            By:   /s/ Erik Duenas
                                                         Erik Duenas (P57434)
                                                         350 South Main Street, Suite 400
                                                         Ann Arbor, MI 48104-2131
Dated:  May 10, 2024                      (734) 761-9000
                                                         Duenas@cmplaw.com